**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEREK CLARK : | |
| 3107 N. Hemberger Street : | |
| Philadelphia, PA 19132 : | |
|     Plaintiff : | |
| v. : | |
| : | Civil Action No. _____ |
| HEILER PAINTING, LLC : | |
| 650 Painter Street, Suite 1 : | |
| Media, PA 19063-3625 : | |
| : | |
|    and : | |
| : | |
| THOMAS HEILER, JR. : | |
| 11 W. Chester Pike : | |
| Ridley Park, PA 19078 : | |
|     Defendants : | |

## CIVIL COMPLAINT

Plaintiff, Derek Clark, by and through his attorneys, The Derek Smith Law Group, PLLC, hereby brings this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et. seq.*, and seeks relief from discrimination, disparate treatment, hostile work environment, and retaliation related to Plaintiff's employment with Defendant, Heiler Painting, LLC, and its owner Defendant, Thomas Heiler, Jr. Plaintiff alleges and avers in support thereof:

### Parties

1. Plaintiff, Derek Clark, is an adult African American / black male individual who resides at the above captioned address, and at all times relevant, was employed by Heiler Painting, LLC, and worked under the direct supervision of Thomas Heiler, Jr.

2. Defendant, Heiler Painting, LLC, is an entity and/or organization duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at the above captioned address, and at all times was Plaintiff's employer. Alternatively, Defendant, Heiler Painting, LLC, has had an address at 522 Ellis Avenue, 1B, Darby, PA 19023.

3. Defendant, Thomas Heiler, Jr., is an adult Caucasian male individual approximately thirty-three (33) years of age who, at all times relevant, was an owner of Defendant, Heiler Painting, LLC, and a supervisor of Plaintiff, and had the authority to make material decisions over Plaintiff's employment including the ability to hire, fire, promote, demote, discipline, and investigate claims of discrimination. Defendant Heiler is the son of Thomas Heiler, Sr., age sixty-three (63) and the brother of Christopher Heiler, age twenty-five (25).

4. Defendant, Heiler Painting, LLC, accepted, agreed, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents including, but not limited to, Defendant, Heiler.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania State Law causes of action.

6. Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

7. Furthermore, Plaintiff has exhausted administrative remedies by having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), and Plaintiff having received a Notice of Right to Sue.

**Summary of Facts**

8. Plaintiff worked for Defendants from April 2013 to July 20, 2020, when he was wrongfully terminated and replaced by a Caucasian male individual.

9. Plaintiff was a productive worker for Defendants that worked his way up from Painter to Operations Manager before he complained of the owner's discriminating Caucasian father, and was subsequently demoted, replaced, and terminated.

10. At the time, Plaintiff was promoted, he was told by a longtime Caucasian worker that Plaintiff was a hard working "N-word", and this made Plaintiff different from "the rest."

11. Plaintiff complained to Defendant Heiler about this unwelcome comment and complained there was a general bias or prejudice towards African Americans/blacks, but since Plaintiff was being promoted, Defendants decided that to resolve the matter, Plaintiff would just not supervise the employee. No discipline or reprimand was ever issued.

12. As Operations Manager, Plaintiff reported directly to the owner Defendant, Thomas Heiler, Jr. (Caucasian male), who made all material decisions for Defendants.

13. Plaintiff had multiple incidents with employees and the Heiler family, in which race/color was an issue.

14. Initially, Plaintiff was assigned crews primarily of minorities.

15. During Plaintiff's first weeks of supervising, a Hispanic employee Rick Vargo referred to Plaintiff to other co-workers as an N-word, and those co-workers reported this to Defendant Heiler.

16. As a result, Mr. Vargo had to apologize to Plaintiff and Defendant Heiler told Plaintiff to dispense great leadership, and accept the apology. No discipline was issued.

17. Plaintiff was then passed over for a position he had been promised, a position that was issued to new Caucasian hire, Sean Davies.

18. At a company dinner, Defendant Heiler's brother, Christopher Heiler, repeatedly used the N-word and despite Plaintiff's complaints, nothing was done or said.

19. Then in 2019 Defendant Heiler's father, Thomas Heiler, Sr. (Caucasian male), began working for Defendant, Heiler Painting, LLC, and was assigned to Plaintiff's crew.

20. Mr. Heiler, Sr. disapproved of Plaintiff as a supervisor and made discriminatory and unprofessional comments. At one point, Mr. Heiler, Sr., told Plaintiff "fuck you" and spat in front of Plaintiff.

21. Plaintiff believed these interactions with the Heiler family members were motivated and were discriminatory, on the basis of race and color.

22. After a few more incidents with Mr. Heiler, Sr., Plaintiff complained and asked that he not be required to work with Mr. Heiler Sr.

23. A meeting was held with Plaintiff, Mr. Heiler, Sr., Defendant Heiler, and Sean Davies (Chief Financial Officer), and as a result Mr. Heiler, Sr., was suspended.

24. When Mr. Heiler, Sr., returned from suspension, Plaintiff was demoted.

25. Plaintiff went from Operations Manager to Painter.

26. Plaintiff believes and alleges he was demoted, retaliated against, and discriminated against as a result of his complaints and/or as a result of discrimination.

27. Plaintiff suffered a series of injuries that ended up causing Plaintiff difficulty working, and though Defendants were aware of Plaintiff's injuries, they took no action to alleviate his workload. Instead, Defendants continued to give Plaintiff manual labor assignments in hopes he would quit.

28. On or around July 20, 2020, Defendants contacted Plaintiff and said they were interviewing for his job, which was a surprise as Plaintiff had already been demoted.

29. A Caucasian male new hire eventually replaced Plaintiff as Director of Operations, which Plaintiff alleges is a position that is substantially similar to Operations Manager but was given a different title to hide the fact that Plaintiff had been demoted and replaced without evidence of performance issues or disciplinary issues.

30. Plaintiff alleges and believes, at all times, he was qualified and capable of doing the positions he held, including the Chief Financial Officer position to which he applied and the Director of Operations position.

31. Plaintiff was terminated and/or constructively discharged.

32. Plaintiff alleges and believes that Defendants wrongly demoted, discriminated against, and retaliated against Plaintiff on account of his race/color, and/or protected activity.

**COUNT ONE**
**Hostile Work Environment – Race and Color**
*Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.*
**Plaintiff v. Defendant Heiler Painting, LLC**

33. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

34. Defendant Heiler Painting is an employer under 42 U.S.C. § 2000e *et. seq* as it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

35. Plaintiff is a person and has protected classes as a black (color) and/or African American (race) individual.

36. At all times relevant, Plaintiff was qualified to work for Defendant in any role, including as the new position Director of Operations, which Plaintiff alleges is a form-over-function name change to Plaintiff's former Operations Manager position, to cover-up Defendants' discrimination and retaliation against Plaintiff.

37. Under 42 U.S.C. § 2000e-2. *[Section 703]*(a) it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

38. Defendants, by and through Mr. Heiler, Sr., and other co-workers and employees, made remarks and treated Plaintiff disparately in comparison to/with similarly situated individuals outside Plaintiff's protected classes.

39. Defendants' actions and comments were motivated by discriminatory animus.

40. At all times, these actions and comments were unwelcome.

6

41. The Defendants' comments and conduct had the intent or effect of creating an unreasonably hostile work environment for Plaintiff, which was severe and pervasive, and motivated by Plaintiff's protected class/classes.

42. Plaintiff complained about the hostile work environment including being bullied, targeted, having her accent ridiculed, and other types of harassing behaviors but no action was taken.

43. As a direct and proximate result of Defendant Heiler Painting's discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, loss of enjoyment of life's pleasures, and other similar damages and harms, all to Plaintiff's great detriment.

44. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

45. Plaintiff requests equitable relief.

46. Alternatively, as Defendant's comments, conduct, and/or actions were motivated in part by discrimination, Plaintiff is entitled to a charge for Mixed-Motive discrimination for which she is entitled to reasonable attorney's fees.

WHEREFORE, Plaintiff, Derek Clark, hereby demands judgment in his favor and against Defendant, Heiler Painting, LLC, for any and all damages deemed necessary and just by the Court.

## COUNT TWO
### Disparate Treatment – Race and Color
*Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.*
### Plaintiff v. Defendant Painting, LLC

47. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

48. Defendants discriminated against and disparately treated Plaintiff, by and through its officers, managers, and supervisors, as follows:

    a. wrongful termination or constructive discharge;

    b. disparate treatment;

    c. denying Plaintiff hire/promotion;

    d. demoting Plaintiff;

    e. refusing to investigate or discipline individuals for having used wrongful and discriminatory comments; and,

    f. other treatment that was wrongful and disparate on the basis of race and color.

49. As a direct and proximate result of Defendants' discrimination and disparate treatment, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

50. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

51. Alternatively, as Defendants considered Plaintiff's protected classes in the foregoing discrimination and conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

8

WHEREFORE, Plaintiff, Derek Clark, hereby demands judgment in his favor and against Defendant, Heiler Painting, LLC, for any and all damages deemed necessary and just by the Court.

## COUNT THREE
### Retaliation
*Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.*
**Plaintiff v. Defendant Heiler Painting, LLC**

52. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

53. Plaintiff engaged in protected activity when he complained about wrongful and discriminatory comments of Defendants' employees, harassment, and other discriminatory conduct, including but not limited to Mr. Heiler, Sr.'s comments and perceived conduct.

54. Defendants retaliated against Plaintiff as follows:

   a. wrongful termination or constructive discharge;

   b. disparate treatment;

   c. denying Plaintiff hire/promotion;

   d. demoting Plaintiff;

   e. refusing to investigate or discipline individuals for having used wrongful and discriminatory comments; and,

   f. other treatment that was wrongful and disparate on the basis of race and color.

55. Defendants' foregoing negative and adverse actions and treatment were temporally proximate to Plaintiff's protected activity such that they are unusually suggestive of a retaliation and thus no further evidence is required of retaliation.

56. Alternatively, evidence exists to show Defendants' foregoing negative and adverse treatment and conduct was causally related to the protected activity, and thus retaliatory.

57. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

58. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

59. Alternatively, Defendants' actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

WHEREFORE, Plaintiff, Derek Clark, hereby demands judgment in his favor and against Defendant, Heiler Painting, LLC, for any and all damages deemed necessary and just by the Court.

### COUNT FOUR
**Discrimination, Disparate Treatment, Hostile Work Environment, and Retaliation**
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
**Plaintiff v. Defendants**

60. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

61. Defendant Heiler Painting, LLC is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant resides in the Commonwealth.

62. Defendant Thomas Heiler, Jr., is an employer under the Pennsylvania Human Relations Act as he compelled, coerced, and/or caused the violations of the Act alleged herein.

63. Plaintiff is protected under the Pennsylvania Human Relations Act as he is an employee of an employer and has protected classes in his race and color.

64. Defendants subjected Plaintiff to a harassing, hostile work environment, disparately treated Plaintiff, and retaliated against Plaintiff, all on the basis of his protected classes as alleged *supra*.

65. As a direct and proximate result of Defendants' discrimination, harassment, and retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

66. Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

67. Alternatively, Defendants' actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

WHEREFORE, Plaintiff, Derek Clark, hereby demands judgment in his favor and against Defendant, Heiler Painting, LLC, and Defendant, Thomas Heiler, Jr., for any and all damages deemed necessary and just by the Court.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

Attorney I.D. No. 200594
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com

Date: November 17, 2021